## Commonwealth ex rel. Bowen v. Banmiller

634

*Robert E. Bowen*, p. p., for relator.

*Frederick O. Brubaker*, District Attorney, *Peter F. Cianci*, Assistant District Attorney, for respondent.

READINGER, J., November 26, 1960. — Robert E. Bowen petitions the court for a writ of habeas corpus. He avers that he was taken into custody at Reading on September 10, 1959, and committed to the Berks County Prison on a charge of arson; that on November 5, 1959, he was brought before the Berks County court to answer this charge; that in ignorance and without counsel he signed the bill of indictment entering a plea of guilty, and, further, that throughout the proceedings he asserted his innocence, denying that he had committed a crime and stating that it was an accident. Further, that the court and district attorney, either inadvertently or otherwise, passed this as of little import, and that he was sentenced by Readinger, J., to a term of not less than two nor more than four years, said sentence to be served in the State Penitentiary.

The question he raises in his petition is: "Did the Court abuse its discretion by accepting a technical plea of guilty from him as an uncounselled defendant when in fact he denied having committed any illegal act."

Petitioner argues that he signed the bill of indictment indicating a plea of guilty while at the same

time denying the charge, and that under these circumstances it was not within the court's power to accept a guilty plea and pass judgment. He further asserts that "He in fact stated that while in his girl friend's apartment he lit matches in a dark closet while searching for an article of clothing and may have accidentally dropped one before it had been extinguished."

This is what petitioner *now* says. At the time the court imposed sentence on November 5, 1959, the official court stenographer was present, took notes of the proceedings, and has transcribed them as follows:

"MR. MARX (Assistant District Attorney): Robert E. Bowen pleaded guilty to setting fire September 9, 1959, in a clothes closet in the apartment of his girl friend when she was out, doing damage in the amount of $4,000.00. He had been drinking and knows very little about it.

"BY MR. MARX:

"Q. Do you want a lawyer for this thing?

"A. No.

BY THE COURT: (Readinger, J.)

"Q. You are sure you don't want a lawyer?

"A. No I don't.

"Q. This happened September 9 this year?

"A. Right.

"OFFICER KATRINAK: He went and looked for his girl and no one was home and this is an apartment house at 327 North Ninth Street, third floor. He got into her apartment. Nobody was home. He was looking around in the closet striking matches. While he was doing that, the clothes got on fire and he ran off after the fire started.

"THE COURT: Your investigation indicates that he did not go there for the purpose of setting a fire?

"OFFICER KATRINAK: He went there looking for his girl and he had been drinking. He was at several bars.

"MR. MARX: He had been drinking all day September 9. Starting at 1:00 o'clock in the afternoon.

"THE COURT: (Hess P.J.) What time did this happen?

"OFFICER KATRINAK. The alarm was at 2:19 A.M. the following morning.

"THE COURT: Is there any prior record?

"MR. TIBBETTS: In September 1955 he was given 23 months probation by Judge Shanaman, having been charged with burglary. This man here is an epileptic, drinks excessively, was not a good probationer, was in jail a couple of times during the probation period for drinking. Was in jail for a period of six months. There were summary convictions. There are at least six or eight for drunkenness, vagrancy, both in Reading and other jurisdictions. In Florida one time, again in Texas. For the same thing in California, he got thirty days. He has been in jail since September 10 on this present charge. He is married, separated from his wife, has one child six years old. They have been in Baltimore, Md. That was the last address they had.

"THE COURT: (Hess, P.J.) Do you want to go to the penitentiary or Berks County Prison?

"DEFENDANT: The Penitentiary.

"THE COURT: (Hess, P.J.) Maybe they can help him down there."

The foregoing transcript indicates that there is no merit whatsoever to the present petition. The record indicates that petitioner was not a novice in court matters and that he had spent some time in jail prior to his incarceration on September 10, 1959. Even though he were of limited education as he describes himself, a borderline illiterate, he would certainly have been able to inform the court at the time of sentence that the fire which he caused was accidental if such were the fact. This he did not do. He twice in-

formed the court that he did not want a lawyer and even expressed a choice that he be sent to a penitentiary rather than the Berks County Prison.

The record in this case so clearly indicates that the matters now alleged in the petition are afterthoughts on the part of petitioner and contrary to fact that we believe no more need be said.

And now, November 26, 1960, the petition is dismissed.