is offered which, if true, would constitute a defense. *Steigleman v. Sciotto,* 388 Pa. 113, 130 A. 2d 181; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691.

A review of this record leads us to the conclusion that the court below abused its discretion in opening the judgment so long after it was entered when no reasons are assigned for failure to defend and when no reasonable factors are alleged to excuse this delay. Such delay constitutes laches which bars relief, especially when the defendant was fully informed of all proceedings.

Order reversed.

WRIGHT, J., would affirm upon the opinion of Judge BOYLE for the court below.

## Commonwealth ex rel. Bowen, Appellant, *v.* Banmiller.

Submitted March 22, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert E. Bowen,* appellant, in propria persona.

*Peter F. Cianci,* Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION PER CURIAM, April 13, 1961:

The order of the court below is affirmed on the opinion of Judge READINGER of the Court of Common Pleas of Berks County, as reported in 23 Pa. D. & C. 2d 633.

Reading Company, Appellant, *v.* Pennsylvania Public Utility Commission.